## 50594. WOODS v. THE STATE.

Deen, Presiding Judge.

The defendant, a prison inmate, was indicted and convicted of aggravated assault as a result of having attempted to stab a prison employee who was taking him to the hospital section because of a cut on his head from unknown causes. He had concealed a seven-inch pointed steel nail or spike on his person, and suddenly drew it out and attempted to stab the witness with it.

The defendant testified that he blacked out in his cell, fell, cut his forehead, and on being taken to the hospital again blacked out in the elevator and had no recollection of subsequent events. This was contradicted by a witness who said he was conscious and belligerent at all times. Whether he was being taken to the psychotic ward for mental or security reasons was an issue in the case which the jury decided against the contentions of the defendant that he had "blanked out" and had no intent to commit the act. It follows that the motion for new trial on the general grounds only was properly overruled. While this is not strictly speaking an "insanity defense," it has some resemblance to the defense interposed in *Ross v. State,* 217 Ga. 569 (124 SE2d 280), where the defendant was in fact mentally abnormal, and where he contended he had no knowledge of what he was doing at the time of the attack. "However, mental abnormality is not a defense unless the accused was, at the time of the commission of the offense, mentally irresponsible under the test recognized by law in this State." Id., p. 577. It is

obvious that the jury here did not believe the explanation of the defendant as to his state of mind.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

Submitted April 29, 1975 — Decided May 8, 1975.

*Carroll L. Cowart,* for appellant.

*John W. Underwood, District Attorney, Dupont K. Cheney, Assistant District Attorney,* for appellee.